UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RONNIE B. CISLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02533-RLY-MPB |
| | ) | |
| ROBERT E. CARTER, JR., | ) | |
| MICHAEL OSBORN, | ) | |
| MARK LEVENHAGEN, | ) | |
| CRAIG CRAIGE, | ) | |
| DUSHANE ZATECKY, | ) | |
| LEVINE, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Second Amended Complaint, Dismissing
Insufficient Claims, and Directing Service of Process**

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at the Pendleton Correctional Facility (Pendleton). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Second Amended Complaint

The plaintiff's second amended complaint names eight defendants: 1) Commissioner Robert Carter; 2) Executive Director Michael Obsorn; 3) Executive Director Mark Levenhagen; 4) Reception and Diagnostic Center Warden Craig Craige; 5) Dr. Levine; 6) Pendleton Warden Dushan Zatecky; 7) Indiana Department of Correction (IDOC); and 8) Wexford Medical Services. The second amended complaint alleges that the plaintiff is classified as seriously mentally ill. He alleges that he when arrived at the Pendleton Correctional Facility, he was placed in disciplinary segregation due to mental health related episodes. Soon after, he was transferred to punitive segregation and his mental health status further deteriorated. The plaintiff submitted a health care request to Wexford asking to be placed in the mental health unit but was denied because he is being released in November 2018.

The plaintiff wrote letters to Robert Carter, Mark Levenhagen, and Dushan Zatecky explaining the effect segregation was having on his mental health and that he was having thoughts of suicide. As a result, he alleges he was moved further into segregation. On August 24, 2018, the plaintiff was placed in administrative segregation until his release. The plaintiff alleges that each day in segregation causes his mental health to further deteriorate.

The plaintiff seeks injunctive and declaratory relief and money damages.

## III. Insufficient Claims

The plaintiff alleges that the IDOC was deliberately indifferent to his serious medical (mental health) issues when he was placed in segregation. He also alleges the IDOC violated the

PAIMI Act. This claim is dismissed because Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984). In addition, states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983 under the circumstances alleged in the plaintiff's complaint. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).

Commissioner Robert Carter and Warden Dushan Zatecky are dismissed as defendants. The only allegations against these defendants are that the plaintiff wrote them letters explaining the effect segregation was having on his mental health and that he was having thoughts of suicide.

"Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Whether supervisory personnel at a prison are sufficiently involved in an alleged constitutional violation such that they may be liable for damages often depends on that person's knowledge of, and responsibilities regarding, the alleged harm. The Seventh Circuit has discussed what factual circumstances are sufficient to make such a person legally responsible for an alleged constitutional violation. Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017); *see Burks v. Raemisch*,

555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.").

Here, the plaintiff has at most alleged that he made the Commissioner and Warden Zatecky aware of his mental deterioration — that is, assuming the Commissioner and Warden Zatecky received his letter, which is unclear from the allegations — and no action on their part followed. But "inaction following receipt of a complaint about someone else's conduct is not a source of liability." *Marberry*, 847 F.3d at 428. Accordingly, Carter and Zatecky are **dismissed** as defendants from this action.

Defendants Michael Osborn, Warden Craig Craige, and Dr. Levine are **dismissed** as defendants from this action because there is no allegations of wrong doing on their part. In fact, they are not mentioned in the complaint at all.

Finally, the claims against Wexford are **dismissed**. The only claim against Wexford is that the plaintiff submitted a health care request to Wexford asking to be placed in the mental health unit but was denied because he is being released in November 2018. Wexford is not vicariously liable under 42 U.S.C. § 1983 for the alleged misdeeds of their employees, but only if the injury alleged is the result of a policy or practice. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816 (7th Cir. 2009). No ingredient of that nature is present in the second amended complaint.

## IV. Claims that May Proceed

The plaintiff's claim that as mental health director Mark Levenhagen ignored his complaints that his mental health was severely deteriorating in segregation in violation of the Eighth Amendment **shall proceed.**

## V. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the court informed of his current address, the action may be subject to dismissal for failure to comply with court orders and failure to prosecute.

## VI. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to Mark Levenhagen in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 2, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**The clerk is instructed** to update the docket to show that defendants Robert Carter, Dushan Zatecky, Michal Osborn, Craig Craige, Dr. Levine, Wexford Medical Services, and the IDOC have been dismissed as defendants from this action.

## VII. Summary

Defendants Robert Carter, Dushan Zatecky, Michal Osborn, Craig Craige, Dr. Levine, Wexford Medical Services, and the IDOC are **dismissed** as defendants from this action.

The plaintiff's Eighth Amendment claim for deliberate indifference against Mark Levenhagen **shall proceed**.

**IT IS SO ORDERED**.

10/03/2018

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RONNIE B. CISLO
149961
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

      IDOC Employee to be electronically served:

Mark Levenhagen
Executive Director, Special Needs Division
Pendleton Correctional Facility